IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **Michelle Lee Tannlund**, *et al.*<br>Plaintiff, | Case No. 1:14-cv-5149 |
| v. | Hon. James B. Zagel |
| **Real Time Resolutions, Inc.**,<br>Defendant. | |

## Motion to Compel Production

Plaintiff Michelle Lee Tannlund respectfully moves this Court, pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, to compel Defendant Real Time Resolutions, Inc., to produce information concerning the persons called by Real Time during the class period. The parties have reached a settlement on a class-wide basis to resolve the claims asserted but owing to the strict confidentiality provisions in Real Time's contracts with its own clients, the creditors on consumer debts for whom Real Time is the collector, Defendant is prohibited from agreeing to turn over the requested information voluntarily.

The contact information for members of the settlement class is important to give notice of the pending settlement and provide each class member with an opportunity to make a claim, to object, or to opt-out. While the settlement agreement (Dkt. 45-1, ¶¶ 9.01, 9.02) provides for robust publication notice via magazine advertisements and internet banner ads, which the parties agree meets the minimum requirements of due process, direct notice where practical is superior and will likely result in a higher claims rate.

Plaintiff now moves for an order compelling Real Time to turn over contact information for each account identified in its discovery responses — numbering

approximately 345,000 accounts — to the claims administrator and in support thereof states as follows:

1. "[A] party must, without awaiting a discovery request, provide to the other parties: (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses." Fed.R.Civ.P. 26(a)(1)(A). If a party fails to voluntarily furnish this information, "any other party may move to compel disclosure" as well as request sanctions. Fed.R.Civ.P. 37(a)(3)(A).

2. Production of names and addresses of potential class members is "a common practice in the class action context." *Artis v. Deere & Co.*, 276 F.R.D. 348, 352 (N.D.Cal. 2011); see also *Hoffman-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 170-71 (1989) (ordering defendant "to produce the names and addresses of potential class members").

3. Real Time has to date refused to produce the class information on the grounds that it was prohibited by contract from doing so. Real Time owns no debts and only acts as a debt collector for obligations owing to others who provide Real Time with data regarding the borrowers on the loans they own. Real Time then uses this data to make contact with the borrowers and collect the debts.

4. The contracts that creditors use to hire Real Time invariably have broad provisions which place substantial obligations on Real Time to maintain borrowers' data in strictest confidence, secured by processes and procedures to guarantee the integrity and safety of that data. Additionally, Real Time is obligated to use the borrowers' information only in carrying out its obligations under the respective contract, which means for debt collection purposes alone. At least one contract has a

provision obligating Real Time to use all lawful means to oppose disclosure to any third party, which would reasonably include opposing this motion and prevent Real Time from agreeing to a direct notice program as part of a settlement agreement.

5. However, each of those contracts also has language waiving confidentiality when Real Time is ordered to do so pursuant to subpoena or court order. Thus, an order by this Court granting this Motion to Compel would not cause Real Time to breach any contractual confidentiality provision.

6. Real Time also objected that the data was private and would require it to breach its obligations under state and federal privacy laws and regulations.

7. Given that a protective order is in place, there can be little basis for a privacy objection and as noted above it is common pre-certification to turn over a class list. This sort of disclosure is only minimally invasive, particularly where (as here) the parties and counsel are subject to a protective order. As the California Supreme Court pointed out in a different context, potential class members likely want to have their contact information disclosed in cases related to wrongful acts committed against them by a defendant. *Pioneer Electronics (USA), Inc. v. Superior Court*, 40 Cal.4th 360, 372 (2007). That Court also agreed that personal contact information was entitled to some protection, but contrasted its disclosure with the release of truly private information such as "one's personal medical history or current medical condition nor details regarding one's personal finances or other financial information." *Id.*

8. The argument that discovery of potential class members' contact information violates their privacy rights, whether set by statute or otherwise, "has been squarely rejected by numerous courts who have balanced the infringement of potential class members' privacy against the representative plaintiff's need for the information."

*Tomassi v. City of Los Angeles*, 2008 WL 4722393, at *3 (C.D. Cal. Oct. 24, 2008) (explaining that "Defendant's concern for the privacy rights of potential class members can be addressed through a protective order" and granting a motion to compel production of names and addresses of potential class members).

9. Here, the claims administrator will use the information to let prospective settlement class members know that they may be eligible for a program that gives them up to $200 in monetary relief on debts that they already owe. For persons who no longer have (or never had) accounts actively serviced by Real Time, the settlement as proposed provides for a cash payment of $17. This is precisely the sort of benefit of which a person would want to be notified and the disclosure of contact information to a professional third party claims administrator, under a confidentiality order, would be at best only minimally invasive.

10. In light of the above, Plaintiff respectfully requests that Real Time be directed to produce the following information to the proposed claims administrator:

    a. The name, address, telephone number, and email (where available) for each account identified as having been contacted by Real Time during the class period; and

    b. A list showing the time, date, target number, and result for each call made during the class period.

Respectfully submitted,

Dated: February 4, 2016        ANKCORN LAW FIRM, PC

*/s/ Mark Ankcorn*
N.D. Illinois General Bar No. 1159690
California Bar No. 166871
mark@ankcorn.com

11622 El Camino Real, Suite 100
San Diego, California 92130
(619) 870-0600 phone
(619) 684-3541 fax

Local Office:
Ankcorn Law Firm, PC
1608 S. Ashland Ave. #92015
Chicago, Illinois 60608-2013

Attorneys for Plaintiffs

**Certificate of Service**

    I hereby certify that on February 4, 2016, I electronically filed the above and foregoing notice and motion through the Court's CM/ECF System, which perfected service on all counsel of record.

                                                  */s/ Mark Ankcorn*