# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MICHELLE LEE TANNLUND, *et al.*, | |
| Plaintiffs, | |
| v. | No. 14 C 5149 |
| | Judge James B. Zagel |
| REAL TIME RESOLUTIONS, INC., | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Michelle Lee Tannlund filed this class action complaint on July 7, 2014, on behalf of herself and a proposed nationwide class alleging that Defendant, Real Time Resolutions, Inc., had violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), by making non-emergency calls to class members' cellular telephones using an automatic telephone dialing system without the consent of the called party.

Plaintiffs and Defendant have now entered into a written Revised Settlement Agreement and Release (the "Revised Settlement Agreement"), which settles the dispute on a class-wide basis. The Revised Settlement Agreement is substantially different from a settlement proposal that was filed earlier in this litigation. The Revised Settlement Agreement contemplates a non-reversionary common fund of $1.3 million with costs of notice and administration paid by Defendant separately outside the fund, with approximately 345,000 persons eligible to make a claim by submitting a simple form stating that they received unconsented calls.

These revisions were made after Richard Hurrle, represented by his own counsel, filed a motion to intervene. Hurrle is the named plaintiff in a nearly identical case filed in the Western District of Washington, *Hurrle v. Real Time Resolutions, Inc.*, Case No. 3:13-cv-05765-BHS

1

(W.D. Wash.). Hurrle's lawsuit was filed on August 30, 2013, but was stayed roughly four months later.

Hurrle argues that he can satisfy both the requirements for intervention as a matter of right pursuant to Federal Rule of Civil Procedure 24(a) and for permissive intervention pursuant to Rule 24(b). To intervene as a matter of right under Rule 24(a)(2), a party must satisfy four requirements: (1) the application must be timely; (2) "the applicant must claim an interest relating to the property or transaction which is the subject of the action"; (3) "the applicant must be so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest"; and (4) "existing parties must not be adequate representatives of the applicant's interest." *Sokaogon Chippewa Community v. Babbitt*, 214 F.3d 941, 945-46 (7th Cir. 2000). To permissively intervene under Rule 24(b), a party must satisfy four slightly different requirements: (1) his claims share a common question of law or fact with this case; (2) the motion for invention is timely; and (3) the Court has independent jurisdiction over his claims. *Security Ins. Co. of Hartford v. Schipporeit, Inc.*, 69 F.3d 1377, 1381 (7th Cir. 1995).

Here, Hurrle cannot establish that he is entitled to intervention as a right because nothing in the Revised Settlement Agreement impairs Hurrle's individual claim, as he is free to opt out of the settlement and continue to pursue his individual claim. Although his argument for permissive intervention is stronger, satisfaction of Rule 24(b)'s criteria would only give me the discretion to allow intervention, and I would not do so even if I could.

Although Hurrle may not intervene, his counsel should receive some praise for pointing out several of the previous settlement agreement's weaknesses. It is unclear whether these problems would have been resolved on their own, but there is no doubt that the Revised

Settlement Agreement is a much better deal for Plaintiffs and these changes were accelerated based on Hurrle's desire to intervene.

## CONCLUSION

I am preliminarily approving the Revised Settlement Agreement as being fair, reasonable, and adequate. I am also preliminarily approving the form, manner, and content of the publication notice and claim form; provisionally certifying the class under Rule 23 for settlement purposes only; provisionally appointing Plaintiff Tannlund as class representative; and provisionally appointing Mark Ankcorn and Ankcorn Law Firm, PC as class counsel.

A final approval hearing will take place on September 8, 2016 at 12:00 p.m. If Hurrle or anyone else wants to object to the settlement, he or she can do so at the final approval hearing.

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: May 24, 2016