# Exhibit A

<u>**AMENDED SETTLEMENT AGREEMENT AND RELEASE**</u>

This Amended Settlement Agreement and Release ("<u>**Settlement Agreement**</u>") is entered into by and between Plaintiff Michelle Lee Tannlund ("<u>**Plaintiff**</u>"), individually and on behalf of all others similarly situated, on the one hand, and Real Time Resolutions, Inc., a Texas corporation ("<u>**Defendant**</u>") and Real Time Group, Inc., a Nevada corporation (collectively, "<u>**Real Time**</u>"), on the other hand. Plaintiff and Real Time are referred to collectively in this Settlement Agreement as the "<u>**Parties**</u>."

## I.     <u>RECITALS</u>

**1.01**     On July 7, 2014, Plaintiff filed a complaint in the United States District Court for the Northern District of Illinois, Eastern Division entitled *Tannlund v. Real Time Resolutions, Inc*., Case No. 1:14-cv-5149 ("<u>**Complaint**</u>"). The Complaint alleges that Real Time Resolutions, Inc. violated the TCPA (as defined below at Section 2.37) by using an automatic telephone dialing system and/or an artificial or prerecorded voice to call cell phones without the prior express consent of Plaintiff and the putative class members.

**1.02**     Defendant denies all material allegations of the Complaint. Defendant specifically disputes and denies that it used an automated dialer or prerecorded voice message to contact Plaintiff or putative class members without prior express consent, that it violated the TCPA, or that Plaintiff and putative class members are entitled to any relief from Defendant. Defendant further denies that Plaintiff's claims are amenable to class certification if class certification were sought by Plaintiff and opposed by Defendant. Nevertheless, given the risks, uncertainties, burden and expense of continued litigation, Defendant has agreed to settle this litigation on the terms set forth in this Settlement

1

Agreement, subject to approval by the Court.

      **1.03**    This Settlement Agreement resulted from good faith, arm's length settlement negotiations over several months, including one in-person and three telephonic mediation sessions before the Hon. Wayne Anderson (ret.) of JAMS. The Parties submitted detailed mediation submissions to Judge Anderson, setting forth their respective views as to the strengths of their cases. Additionally, Plaintiff has conducted confirmatory discovery as detailed in Article XIV below. Defendant has also provided information confirming the business practice changes that it has developed and already implemented, including significant enhancements to its calling systems designed to prevent the calling of a cellular telephone with an autodialer unless the recipient of the call has provided prior express consent.

      **1.04**    The Parties understand, acknowledge and agree that the execution of this Settlement Agreement is intended to constitute the settlement and compromise of disputed claims. This Settlement Agreement is inadmissible as evidence against any Party except to enforce the terms of the Settlement Agreement and is not an admission of wrongdoing or liability on the part of any Party to this Settlement Agreement. The Parties desire and intend to effect a full, complete and final settlement and resolution of all existing disputes and claims as set forth herein.

      **1.05**    The Settlement contemplated by this Settlement Agreement is subject to preliminary approval and final approval by the Court, as set forth herein. This Settlement Agreement is intended by the Parties to fully, finally and forever resolve, discharge and settle the Released Claims (as defined below at Section 2.28), upon and subject to the terms

and conditions hereof.

## II.      DEFINITIONS

**2.01**      "**Account**" means, respectively, each debt or debts now or previously owed by the Settlement Class Members (as defined below at Section 2.32) to third-party creditors and which debt(s) Defendant services on behalf of such third-party creditors.

**2.02**      "**Action**" means the litigation initiated by the filing of the Complaint.

**2.03**      "**Agreement**" or "**Settlement Agreement**" means this Settlement Agreement and Release.

**2.04**      "**CAFA Notice**" refers to the notice required by the Class Action Fairness Act, 28 U.S.C. § 1715(b).

**2.05**      "**Claim**" means the request made by a Settlement Class Member for the relief available pursuant to the Settlement Agreement via submission of a Claim Form as described in Article X.

**2.06**      "**Claim Form**" means the Claim Form attached hereto collectively as Exhibit 1.  The Claim Form can be submitted either via U.S. Mail or electronically.

**2.07**      "**Claims Deadline**" means ninety (90) days from the Settlement Notice Date.

**2.08**      "**Claims-Made Basis**" means that the money from the Settlement Fund shall be available only to those Settlement Class Members who actively make a timely and valid Claim.

**2.09**      "**Claims Period**" means the ninety (90) day period that begins on the Settlement Notice Date.

**2.10** "**Claims Administrator**" means the entity hired to provide notice and administer the claims process.

**2.11** "**Class Action**" means an action brought pursuant to Federal Rule of Civil Procedure 23.

**2.12** "**Class Counsel**" means Mark Ankcorn and Ankcorn Law Firm, PC.

**2.13** "**Class Member**" means those persons who are members of the Settlement Class, as defined at Section 2.31, including those persons who timely and validly request exclusion from the Settlement Class.

**2.14** "**Class Notice**" means the notice to be provided to the Settlement Class as described more fully in Section 9, together with any additional notice that might be ordered by the Court.

**2.15** "**Class Period**" means August 30, 2009 through and including the day on which the Court issues the Preliminary Approval Order for this Amended Settlement Agreement.

**2.16** "**Class Representative**" means Plaintiff Michelle Lee Tannlund.

**2.17** "**Court**" means the United States District Court for the Northern District of Illinois and Hon. James B. Zagel.

**2.18** "**Defendant's Counsel**" means Abraham Colman, Reed Smith LLP, 355 S. Grand Avenue, Los Angeles, California, 90071 and David Almeida, Sheppard Mullin Richter & Hampton LLP, 70 W. Madison Street, 48th Floor, Chicago, Illinois, 60602.

**2.19** "**Effective Date**" means the date when the judgment has become final and non-appealable as provided in Article XIII.

4

**2.20** "**Final Approval Hearing**" means the hearing held by the Court to determine whether to finally approve the Settlement set forth in this Settlement Agreement as fair, reasonable and adequate, sometimes referred to herein as the "Fairness Hearing."

**2.21** "**Final Approval Motion**" means the motion to be submitted to the Court seeking entry of the Final Approval Order.

**2.22** "**Final Approval Order**" means the order to be submitted to the Court in connection with the Final Approval Motion, substantially in the form attached hereto as Exhibit 2.

**2.23** "**Objection Deadline**" means sixty (60) days from the Settlement Notice Date.

**2.24** "**Opt-Out Deadline**" means sixty (60) days from the Settlement Notice Date.

**2.25** "**Opt Out Request**" shall have the meaning set forth at Section 11.01.

**2.26** "**Preliminary Approval Motion**" means the motion to be submitted to the Court seeking entry of the Preliminary Approval Order.

**2.27** "**Preliminary Approval Order**" means the proposed order to be submitted to the Court in connection with preliminary approval, in the form attached hereto as Exhibit 4.

**2.28** "**Released Claims**" means any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorney's fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, foreign law, contract,

5

rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, as of the date of the Final Approval Order, that arise out of or relate in any way to the TCPA or to the Released Parties' alleged or actual violation of the TCPA or any similar state laws, rules or regulations, including without limitation use of an "automatic telephone dialing system" or "artificial or prerecorded voice" to contact or attempt to contact Class Members.

2.29    "**Released Parties**" means, collectively, Defendant Real Time Resolutions, Inc. and Real Time Group, Inc., as well as their respective past, present, and future parents, subsidiaries, divisions, affiliated companies, businesses, and corporations, and each of their respective past, present, and future directors, officers, managers, employees, general partners, limited partners, principals, agents, third party servicers and creditors, clients both current and former, insurers, reinsurers, shareholders, attorneys, advisors, representatives, predecessors, successors, divisions, joint ventures, assigns, or related entities, and each of their respective executors, successors, assigns, and legal representatives.

2.30    "**Settlement**" means the resolution of the Action by way of this Settlement Agreement.

2.31    "**Settlement Class**" means and includes all living persons within the United States who (1) received a phone call from Defendant during the Class Period to a number assigned to a cellular telephone service at the time the call was made, (2) where the number

was uploaded to and dialed by Defendant's telephone system, and (3) did not give his or her express consent prior to such call being placed. Excluded from the Settlement Class are Accounts for which Defendant made no further cell phone cells after (1) Defendant received a release or representation from the debtor that he or she had no claims or (2) the debtor filed for relief under Title 11 of the United States Code resulting in a bankruptcy discharge order. Also excluded from the Settlement Class are Defendant; its parent companies, affiliates or subsidiaries, or any employees thereof, and any entities in which any of such companies has a controlling interest; the judge or magistrate judge to whom the Action is assigned; and, any member of those judges' staffs and immediate families.

      **2.32**    "**Settlement Class Member**" means those persons who are members of the Settlement Class, as set forth in Section 2.31 above, and who do not timely and validly request exclusion from the Settlement Class.

      **2.33**    "**Settlement Fund**" shall have the meaning set forth in Section 5.02.

      **2.34**    "**Settlement Notice Date**" means forty-five (45) days after the Preliminary Approval Order is issued.

      **2.35**    "**Settlement Relief**" means the relief that Settlement Class Members are entitled to as set forth in Section 5.02.

      **2.36**    "**Settlement Website**" means the Internet website operated by the Claims Administrator as described in Section 9.02.

      **2.37**    "**TCPA**" means the Telephone Consumer Protection Act, 47 U.S.C. § 227, and any regulations or rulings promulgated under it.

      **2.38**    "**Termination Notice**" shall have the meaning set forth below at Section

16.01.

## III.     ALL PARTIES RECOMMEND APPROVAL OF THE SETTLEMENT

**3.01**     Defendant's Position on the Conditional Certification of Settlement Class. Defendant denies that the claims asserted against it have merit. Defendant further disputes that a class would be manageable and further denies that a class properly could be certified on the claims asserted in this Action. Notwithstanding these denials, Defendant has concluded that continuing to litigate the Action would be protracted and expensive and that, in light of its cost, risk, and uncertainty, it is desirable that the Action and any and all Released Claims be fully and finally settled and released as set forth in this Settlement Agreement.

**3.02**     Plaintiff's Belief in the Merits of the Action. Plaintiff believes that the claims asserted in this Action have merit and that the evidence developed to date supports those claims. This Settlement will in no event be construed or deemed to be an admission or concession on the part of Plaintiff that there is any infirmity in the claims asserted, or that there is any merit whatsoever to any of the contentions and defenses that Defendant has asserted. Plaintiff recognizes and acknowledges, however, that the expense and amount of time which would be required to continue to pursue this Action against Defendant, as well as the uncertainty, risk, and difficulties of proof inherent in prosecuting such claims on behalf of the Settlement Class. Plaintiff has concluded that it is desirable that this Litigation and any Released Claims be fully and finally settled and released as set forth in this Settlement. Plaintiff and Class Counsel believe that the Settlement set forth in this Agreement confers substantial benefits upon the Settlement Class and that it is in the

8

best interests of the Settlement Class to settle as described herein.

**3.03**     Stipulation of Class Certification.  The Parties hereto stipulate to certification of the Settlement Class, as that term is defined above, for purposes of this Settlement only, pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure.  The certification of the Settlement Class shall be binding only with respect to the Settlement, and only if the judgment becomes final as defined in Article XIII and the Effective Date occurs.

**3.04**     Class Relief.  The Settlement Class shall be entitled to the relief detailed in Article V of this Settlement Agreement.

**3.05**     Agreement to Cooperate.  The Parties shall cooperate fully with each other, and shall use their best efforts to obtain the Court's preliminary and final approval of this Settlement Agreement and of the Settlement of the Action.

## IV.        AGREEMENT TO COMPROMISE NOT AN ADMISSION

**4.01**     Defendant denies any liability or wrongdoing of any kind associated with the alleged claims in the Action.  Defendant has denied and continues to deny each and every material factual allegation and all claims asserted against it in the Action.  Nothing herein shall constitute an admission by Defendant of wrongdoing or liability, or of the truth of any allegations in the Complaint. Nothing herein shall constitute an admission by Defendant that the claims in the Action are properly brought on a class or representative basis, or that a class may be certified in the Action, other than for settlement purposes.  To this end, the settlement of the Action, the negotiation and execution of this Settlement Agreement, and all acts performed or documents executed pursuant to or in furtherance of

9

the Settlement: (i) are not and shall not be deemed to be, and may not be used as, an admission or evidence of any wrongdoing or liability on the part of Defendant or of the truth of any of the allegations in the Action; (ii) are not and shall not be deemed to be, and may not be used as an admission or evidence of any fault or omission on the part of Defendant in any civil, criminal or administrative proceeding in any court, arbitration forum, administrative agency or other tribunal; and, (iii) are not and shall not be deemed to be and may not be used as an admission of the appropriateness of these or similar claims for class certification. Pursuant to Federal Rule of Evidence Rule 408, and any similar provisions under the laws of other states, neither this Agreement nor any related documents filed or created in connection with this Agreement shall be admissible in evidence in any proceeding, except as necessary to approve, interpret or enforce this Agreement.

## V.    SETTLEMENT TERMS AND BENEFITS TO THE SETTLEMENT CLASS

**5.01**    Changes to Defendant's Business Practices. As a benefit to all members of the Settlement Class, Defendant has developed and implemented significant enhancements to its calling systems designed to prevent the calling of a cellular telephone with an autodialer unless the recipient of the call has provided prior express consent. To the extent that Congress, the FCC, or any other relevant federal regulatory authority promulgates different requirements under the TCPA or any other law or regulatory promulgation that would govern any conduct affected by the Settlement, those laws and regulatory provisions will control with respect to Defendant's business practice changes.

**5.02**    Settlement Relief.  In addition to the business practice changes described in Section 5.01, Real Time shall establish a non-reversionary settlement fund of One Million

Three Hundred Thousand Dollars ($1,300,000.00) (the "**Settlement Fund**"), which shall be used to pay (i) valid and timely Claims submitted by Settlement Class Members; (ii) any attorneys' fees and cost award ordered by the Court; and (iii) any Plaintiff incentive award ordered by the Court. Aside from the Settlement Fund discussed in this paragraph and the additional fees and costs of the Claims Administrator for class notice and settlement administration, Real Time shall have no further payment obligations whatsoever related to this Action, to Class Counsel, or to the members of the Settlement Class who do not timely or validly request exclusion from the Settlement Class. No part of the Settlement Fund will revert to Real Time regardless of the number of claimants, claims made, checks cashed, or otherwise.

     **5.03**   Eligibility for Settlement Relief. Settlement Relief shall be available to eligible Settlement Class Members on a Claims-made basis. Each Settlement Class Member shall be entitled to make one Claim, regardless of the number of telephone calls to that Settlement Class Member's cellular telephone number(s) made by Defendant, the number of cellular telephone number(s) that the Settlement Class Member owned, or the number of Accounts attributable to that Settlement Class Member. Claims shall be submitted to the Claims Administrator in accordance with Section X below. The Settlement Fund shall be distributed *pro rata* on a Claims-made basis to each Settlement Class Member who submits a timely and valid claim, regardless of whether Defendant currently services or formerly serviced his or her Account, after deducting any fee and cost award to Class Counsel and incentive award to the Class Representative ordered by the Court.

## VI.  ATTORNEYS' FEES AND PAYMENT TO CLASS REPRESENTATIVES

**6.01** <u>Attorneys' Fees</u>. No later than fourteen days prior to the expiration of the Objection Deadline, Class Counsel will move the Court for an award of reasonable attorney's fees and expenses to be paid from the Settlement Fund and Real Time will not oppose such request. The amount sought by Class Counsel shall be inclusive of all of the fees, costs, and expenses of Class Counsel, past and present, in connection with the Action. Class Counsel represents that it will not seek attorneys' fees, costs or expenses relating to the Action in any other lawsuit or forum. If the Court reduces Class Counsel's requested fees or costs, any such reduction shall be distributed *pro rata* to all Settlement Class Members who submit valid and timely claims. The Court's award of attorneys' fees and costs in any amount or no amount is not a condition of settlement approval.

**6.02** <u>Timing of Payment of Class Counsel Fees</u>. Class Counsel shall be entitled to payment of the attorneys' fees awarded by the Court within thirty (30) days of the Effective Date. The Claims Administrator shall pay Class Counsel from the Settlement Fund the attorney's fee award that the Court orders, if any.

**6.03** <u>Payment to Class Representatives</u>. Real Time agrees not to oppose, object to or otherwise dispute the Court's award of an incentive fee to be paid to the Class Representative from the Settlement Fund within thirty (30) business days of the Effective Date. The effectiveness of this Settlement is not conditioned upon the Court's approval of an incentive award to the Class Representative in any amount. The Claims Administrator shall pay the Class Representative from the Settlement Fund the incentive fee that the Court orders, if any. If the Court reduces the Class Representative's requested incentive

fee, any such reduction shall be distributed *pro rata* to all Settlement Class Members who submit valid and timely claims.

      6.04    <u>Settlement Independent of Award of Fees, Costs and Incentive Payments</u>. The payment of attorney's fees and the incentive payment set forth in Sections 6.01 and 6.03 are subject to and dependent upon the Court's approval of the same as fair, reasonable, adequate and in the best interests of Settlement Class Members. This Settlement is not dependent or conditioned upon the Court's approving Plaintiff's requests for attorneys' fees or a payment to class representative. In the event the Court declines Plaintiff's requests or awards less than the amounts sought, this Settlement shall continue to be effective and enforceable by the Parties, and any reductions will be distributed *pro rata* to all Settlement Class Members who submit valid and timely claims.

## VII.    **PRELIMINARY APPROVAL**

      7.01    <u>Agreement to Recommend Approval by the Court</u>. The undersigned agree to recommend approval of the Settlement by the Court as being fair and reasonable and to undertake their best efforts, including all steps contemplated by this Settlement Agreement, and any other steps which may become necessary by order of the Court or otherwise, to carry out this Settlement Agreement, unless Class Counsel and Defendant's Counsel hereafter agree otherwise in writing.

      7.02    <u>Order Of Preliminary Approval</u>. As soon as practicable after the execution of this Agreement, Plaintiff shall move the Court for entry of the Preliminary Approval Order in substantially the form attached as Exhibit 4. Pursuant to the Preliminary Approval Motion, Plaintiff will request that the Court:

13

      a.      preliminarily and conditionally certify the Settlement Class for settlement purposes only;

      b.      preliminarily appoint Class Counsel as counsel for the Settlement Class for settlement purposes only;

      c.      preliminarily approve Plaintiff as Class Representative for settlement purposes only;

      d.      preliminarily approve the Settlement and this Agreement as fair, adequate and reasonable, and within the reasonable range of possible final approval; approve the form of the Class Notice and find that the notice program set forth herein constitutes the best notice practicable under the circumstances, and satisfies due process and Rule 23 of the Federal Rules of Civil Procedure;

      e.      order that Class Notice to be disseminated as set forth in Article IX and order that Defendant shall bear all of the administrative costs associated with implementing and monitoring the Class Notice program;

      f.      set the date and time for the Final Approval Hearing, which may be continued by the Court from time to time without the necessity of further notice; and

      g.      set the Claims Deadline, the Objection Deadline and the Opt-Out Deadline.

      **7.03**    <u>CAFA Notice</u>.  Defendant shall be responsible for serving a supplemental CAFA Notice within ten (10) days of the filing of the Preliminary Approval Motion.

## VIII.     ADMINISTRATION AND NOTIFICATION PROCESS

**8.01**     Claims Administrator. The Parties shall use ILYM Group, Inc. as the

Claims Administrator for this matter.  The Claims Administrator shall be responsible for

all matters relating to the administration of the Settlement, as set forth herein. Those

responsibilities include, but are not limited to: arranging for the Class Notice to be sent to

the Settlement Class Members, setting up and maintaining the Settlement Website and

toll-free telephone number, fielding inquiries about the Settlement, processing Claims,

acting as a liaison between Settlement Class Members and the Parties regarding Claim

information, approving Claims, notifying the Parties of any Claim Form demonstrating

evidence of fraud, providing information to Defendant regarding any approved Claims if

requested, administering the mailing of cash awards to Settlement Class Members, and any

other tasks reasonably required to effectuate the foregoing.  The Claims Administrator will

provide monthly updates on the claims status to counsel for all Parties.

**8.02**     Changes to Claims Administration Procedure. If any of the terms of this

Settlement relating to the Claims Administrator's services would unreasonably hinder or

delay such processes or make them more costly, the Claims Administrator shall so advise

the Parties, and the Parties will accommodate the Claims Administrator to the extent

necessary to carry out the intent of this Settlement Agreement. Any personal information

relating to Class Members provided to the Claims Administrator or Class Counsel pursuant

to this Settlement shall be provided pursuant to Court Order and solely for the purpose of

providing notice to Class Members and allowing them to recover under the Settlement;

shall be kept in strict confidence; shall not be disclosed to any third party except for Class

15

Counsel as may be required from time to time to clarify claims administration when a Class Member initiates a communication to Class Counsel; and shall not be used for any purpose other than to effectuate the administration of claims.

**8.03**     Payment of Notice and Claims Administration Costs.  In addition to, and separate from, the Settlement Fund, Real Time shall pay directly to the Claims Administrator the reasonable costs of class notice and settlement administration.  The Claims Administrator shall provide counsel for the Parties with an estimate of the amount of costs required to send the Class Notice, establish the Settlement Website and establish a toll-free telephone number, as further described in Article IX, as well as provide counsel for the Parties with an estimate of any other initial administration costs.  The Claims Administrator shall bill Real Time for the reasonable costs of Class Notice and settlement administration, with copies of such invoices to counsel for the Parties. Real Time will pay any advance costs required by the Claims Administrator according to the terms of the Claims Administrator's contract. The Claims Administrator will maintain detailed records of the amounts spent on the administration of the Settlement and will provide those to the Parties monthly.

## IX.     NOTICES

**9.01**     Direct Mail Notice.  On February 4, 2016, Plaintiff filed a motion to compel production of contact information for persons called by Real Time during the Class Period (Dkt. 57).  Real Time did not oppose the relief requested in that motion and it was granted by the Court on May 26, 2016 (Dkt. 75).  Real Time will produce the names, last known mailing addresses and cell phone numbers for each of the Settlement Class Members to the

16

Claims Administrator subject to the Protective Order previously entered in the Action. The Claims Administrator shall send Class Notices substantially in the form of Exhibit 3 attached hereto by U.S. mail directly to the last known addresses of the Settlement Class Members or to any updated addresses that reasonably can be determined from a reverse look-up database or National Change of Address database. A copy of the Class Notice shall also be published on the Settlement Website.

**9.02** <u>Website Notice</u>. On or before the Settlement Notice Date, the Claims Administrator shall maintain and administer the Settlement Website, which will contain Settlement Class information and related documents, along with information necessary to submit a Claim, and an electronic version of the Claim Form that members can download, complete, and submit electronically. The other documents available on the Settlement Website shall include the Settlement Agreement and Exhibits, the Class Notice, the Preliminary Approval Order, a downloadable Claim Form for anyone wanting to print a hard copy and mail in the Claim Form, the operative complaints in the Action, and, when filed, Class Counsel's fee motion and the Final Approval Order.

**9.03** <u>Toll Free Telephone Number</u>. On or before the Settlement Notice Date, the Claims Administrator shall set up a toll-free telephone number for receiving toll-free calls related to the Settlement. That telephone number shall be maintained until thirty (30) days after the Claims Deadline. After that time, and for a period of ninety (90) days thereafter, a recording will advise any caller to the toll-free telephone number that the Claims Deadline has passed and the details regarding the Settlement may be reviewed on the related Settlement Website.

**9.04** <u>Supplemental Publication Notice</u>.  The Claims Administrator shall conduct a publication notice program sufficient to ensure a minimum of 20 million Internet impressions to notify those persons who may have received wrong number or reassigned number calls on their cell phones from Defendant or for whom a current mailing address cannot be located.

## X.    CLAIMS PROCESS

**10.01** <u>Potential Claimants</u>.  Each Class Member who does not timely and validly request exclusion from the Settlement as required in this Agreement shall be a Settlement Class Member and shall be entitled to make a Claim.  Each Settlement Class Member shall be entitled to submit one Claim, regardless of the number of telephone calls to that Settlement Class Member's cellular telephone number(s) made by Defendant, the number of cellular telephone number(s) that the Settlement Class Member owned, or the number of Accounts attributable to that Settlement Class Member.

**10.02** <u>Conditions for Claiming Settlement Relief</u>.  To make a Claim, Settlement Class Members must submit a valid and timely Claim Form, which shall contain the information set forth in Exhibit 1 hereto, including: (i) the Settlement Class Member's full name; (ii) confirmation that the Settlement Class Member, during the Class Period, (a) received one or more telephone calls from Defendant, (b) to a number assigned to a cellular telephone service, and (c) that the Settlement Class Member did not provide prior consent to receiving such calls; (iii) for mailed Claim Forms, the Settlement Class Member's signature; and (iv) for Claim Forms submitted via the Settlement Website, the Settlement Class Member's electronic signature.  In order to be entitled to make a Claim,

18

individuals making a Claim ("**Potential Claimants**") must submit the valid Claim Form to the Claims Administrator within the Claims Period. Class Counsel shall have the right to review the submitted Claim Forms and deny Claims if such Claims are erroneous or fraudulent. To ensure that claims are not fraudulently submitted, Real Time will provide verification of known target phone numbers to the Claims Administrator from its business records. If those records do not contain evidence that Real Time called a particular number assigned to a cellular telephone service, the Potential Claimant may have the burden of proving that he or she received calls from Real Time. Class Counsel shall advise both the Potential Claimant and Defendant's Counsel if it intends to deny any Claims based on error or fraud, and Defendant's Counsel and Class Counsel shall confer prior to a determination being made. Any disputes may be brought to the Court for final determination. If a Potential Claimant fails to fully complete a Claim Form, the Claim Form will be invalid. Any Potential Claimant who has submitted or submits an incomplete or inaccurate (but not fraudulent) Claim Form shall be permitted to re-submit a Claim Form within 35 calendar days of the sending of notice of the defect by the Claims Administrator. Class Counsel shall be kept apprised of the volume and nature of defective Claims and may communicate with Potential Claimants as they deem appropriate to cure such deficiencies.

**10.03** Mailing of Settlement Check. Defendant shall send settlement checks to those Settlement Class Members who have timely submitted a valid Claim Form to the Claims Administrator via U.S. mail or electronically as provided in Section 10.02. Each settlement check will be negotiable for one hundred eighty (180) days after it is issued. Upon request by a qualifying Settlement Class Member, the Claims Administrator may

re-issue a settlement check, provided that such re-issued checks will not be negotiable beyond that date that is one hundred eighty (180) calendar days after the date of issuance of the original check to such person.

**10.04**   Uncashed Checks. If settlement checks that remain uncashed after 210 calendar days after the first pro rata distribution yield an amount that, after administration costs, would allow a second pro rata distribution to the qualifying Settlement Class Members equal to or greater than $4.00 per qualifying Settlement Class Member, the Claims Administrator will distribute any such funds on a pro rata basis to Settlement Class Members who have cashed settlement checks.  The postage and administration costs for any such second distribution shall be paid by Real Time.  If a second pro rata distribution is not made, the uncashed amount will be paid to one or more non-profit(s) to be determined with the approval of the Court. If a second pro rata distribution is made, the amount of any checks that remain uncashed 210 calendar days after that distribution will be paid to one or more non-profit(s) to be determined with the approval of the Court. Upon request by a qualifying Settlement Class Member, the Claims Administrator may re-issue a settlement check, provided that such re-issued check will not be negotiable beyond the date that is one hundred eighty (180) calendar days after the date of issuance of the original check to such Settlement Class Member.

## XI.        OPT-OUTS AND OBJECTIONS

**11.01**   Opting Out of the Settlement. Any Class Member who wishes to exclude himself or herself from the Settlement Class must advise the Claims Administrator in writing of that intent (the "**Opt-Out Request**"), with the Opt-Out Request postmarked no

later than the Opt-Out Deadline.  The opt-out may be submitted by first-class U.S. Mail or submitted electronically.

        a.      The Claims Administrator will provide the Parties with copies of all Opt-Out Requests it receives within ten (10) days of the Opt-Out Deadline, and will provide a list of all Class Members who timely and validly opted out of the Settlement in its declaration filed with the Court, as required by Section 12.01.  Settlement Class Members who do not properly and timely submit an Opt-Out Request will be bound by this Agreement and the judgment, including the releases in Sections 15.01 and 15.02 below.

        b.      In the written Opt-Out Request, the Class Member must state his or her full name, address, telephone number, and Account number if known.  Further, the Class Member must include a statement in the written Opt-Out Request that he or she wishes to be excluded from the Settlement.

        c.      Any Class Member who submits a valid and timely request for exclusion will not be a Settlement Class Member and shall not be bound by the terms of this Agreement.

    **11.02**  <u>Objections</u>.  Any Settlement Class Member who intends to object to the fairness of this Settlement must file a written objection with the Court by the Objection Deadline, as defined at Section 2.23, and serve upon counsel for the Parties a copy of the written objections.

        a.      In the written objection, the Settlement Class Member must state his or her full name, address, telephone number and Account number (if any), as well as the reasons for his or her objection, and whether he or she intends to appear at the Final

21

Approval Hearing on his or her own behalf or through counsel. Any documents supporting the objection must also be attached to the objection.

        h.      The Parties will have the right to depose any objector to assess whether the objector has standing and on any other factual issues relevant to the objections raised.

## XII.      FINAL APPROVAL AND JUDGMENT ORDER

     **12.01**  <u>Confirmation of Notice</u>.  No later than fourteen (14) calendar days prior to the Final Approval Hearing, the Claims Administrator shall file with the Court and serve on counsel for all Parties a declaration stating that Class Notice has been completed in accordance with the terms of the Preliminary Approval Order and as outlined in the Settlement Agreement.

     **12.02**  <u>Motion for Final Approval</u>.  If the Settlement is approved preliminarily by the Court, and all other conditions precedent to the Settlement have been satisfied, no later than fourteen (14) calendar days prior to Final Approval Hearing or in accordance with the schedule set for the Final Approval Hearing by the Court during the hearing on the Preliminary Approval Motion:

        a.      The Parties shall both request, individually or collectively, that the Court enter the Final Approval Order in substantially the form attached as Exhibit 2, with Class Counsel filing a memorandum of points and authorities in support of the Final Approval Motion; and,

        b.      Class Counsel and/or Defendant's Counsel may file a memorandum addressing any objections submitted to the Settlement.

**12.03**   At the Final Approval Hearing, the Court will consider and determine whether the provisions of the Settlement Agreement should be approved, whether the Settlement should be finally approved as fair, reasonable and adequate, whether any objections to the Settlement should be overruled, whether the fee award to Class Counsel and incentive payment to the Class Representative should be approved, and whether a judgment finally approving the Settlement should be entered.

**12.04**   This Settlement Agreement is subject to and conditioned upon the issuance by the Court of a Final Approval Order which grants final approval of this Settlement Agreement and:

a.      finds that the Class Notice procedure satisfies the requirements of due process and Federal Rule of Civil Procedure Rule 23(e)(1); finds that Settlement Class Members have been adequately represented by the Class Representative and Class Counsel;

b.      finds that the Settlement Agreement is fair, reasonable and adequate to the Settlement Class, that each Settlement Class Member shall be bound by this Settlement Agreement, including the releases in Sections 15.01 and 15.02, and the covenant not to sue in Section 15.04;

c.      dismisses on the merits and with prejudice all claims of Plaintiff and the Settlement Class Members asserted against Defendant in the Action;

d.      permanently enjoins each and every Settlement Class Member from bringing, joining, or continuing to prosecute any Released Claims against Defendant or the Released Parties; and,

23

e.      retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of the Settlement.

## XIII.    <u>FINAL JUDGMENT</u>

**13.01**   The judgment entered at the Final Approval Hearing shall be deemed final (the "**<u>Final Judgment</u>**"):

a.      Thirty (30) days after entry of the Final Approval Order approving the Settlement if no document is filed within that time seeking appeal, review or rehearing of the judgment; or

b.      If any such document seeking appeal, review or rehearing of the judgment is filed, then five (5) days after the date upon which all appellate and/or other proceedings resulting from such document have been finally terminated in such a manner as to permit the judgment to take effect in substantially the form described in Section 12.04.

## XIV.    <u>CONFIRMATORY DISCOVERY</u>

**14.01**   Class Counsel hereby represents that it has conducted discovery to confirm the accuracy of the information provided to it during the course of the litigation and during the Parties' settlement negotiations.  The purpose of that discovery is to confirm: (a) the total number of Settlement Class Members, *i.e.*, those persons who were actually called by Defendant on cellular telephone numbers during the Class Period, and the process used to determine that number; (b) the changes to Defendant's business practices as described in Section 5.01; and (c) to ascertain and evaluate the class claims and potential obstacles to

certification as well as other factors relevant to the Settlement. This discovery is to be used solely for purposes of this Settlement and may not be used for any purpose in the event this Settlement Agreement is terminated or is otherwise not fully and finally approved by the Court.

## XV.     <u>RELEASE OF CLAIMS</u>

**15.01**   <u>Released Claims</u>.  Plaintiff and each Settlement Class Member, as well as their respective assigns, heirs, executors, administrators, successors and agents, hereby release, resolve, relinquish and discharge the Released Parties from each of the Released Claims.  The Settlement Class Members further agree that they will not institute any action or cause of action (in law, in equity or administratively), suit, debt, lien, or claim, known or unknown, fixed or contingent, which they may have or claim to have, in state or federal court, in arbitration, or with any state, federal or local government agency or with any administrative or advisory body, arising from or reasonably related to the Released Claims. The release does not apply to Class Members who timely opt out of the Settlement.

**15.02**   <u>Waiver of Unknown Claims</u>.  Without limiting the foregoing, the Released Claims specifically extend to claims that Plaintiff and Settlement Class Members do not know or suspect to exist in their favor at the time that the Settlement and the releases contained therein become effective.  This Section constitutes a waiver, without limitation as to any other applicable law, of Section 1542 of the California Civil Code, which provides:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS

OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

**15.03** <u>Acknowledgement of Waivers</u>. Plaintiff and Settlement Class Members understand and acknowledge the significance of these waivers of California Civil Code Section 1542 and any other similar federal and state statutes, case law, rules or regulations relating to limitations on releases. In connection with such waivers and relinquishment, Plaintiff and the Settlement Class Members acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts that they now know or believe to be true with respect to the subject matter of the Settlement, but that it is their intention to release fully, finally and forever all Released Claims with respect to the Released Parties, and in furtherance of such intention, the releases of the Released Claims will be and remain in effect notwithstanding the discovery or existence of any such additional or different facts.

**15.04** <u>Covenant Not To Sue</u>. Plaintiff agrees and covenants, and each Settlement Class Member will be deemed to have agreed and covenanted, not to sue any of the Released Parties with respect to any of the Released Claims, or otherwise to assist others in doing so, and agree to be forever barred from doing so, in any court of law or equity, or any other forum.

## XVI.     <u>TERMINATION OF AGREEMENT</u>

**16.01** <u>Either Side May Terminate the Agreement</u>. Plaintiff and Defendant shall each have the right to unilaterally terminate this Agreement by providing written notice of such election to do so ("**<u>Termination Notice</u>**") to all other Parties hereto within ten (10)

calendar days of any of the following occurrences:

        a.     the Court rejects, materially modifies, materially amends or changes, or declines to preliminarily or finally approve the Settlement Agreement; an appellate court reverses the Final Approval Order, and the Settlement Agreement is not reinstated without material change by the Court on remand;

        b.     any court incorporates into, or deletes or strikes from, or modifies, amends, or changes, the Preliminary Approval Order, Final Approval Order, or the Settlement Agreement in a way that Plaintiff or Defendant reasonably consider material, unless such modification or amendment is accepted in writing by all Parties, except that, as provided above, Court approval of attorneys' fees and/or incentive payment to Class Representative, or their amount, is not a condition of the Settlement;

        c.     the Effective Date does not occur; or

        d.     any other ground for termination provided for elsewhere in this Settlement Agreement occurs.

**16.02** <u>Termination if Large Number of Opt–Outs</u>. If, at the conclusion of the Opt-Out Deadline, more than fifty (50) Settlement Class Members have opted out of the Settlement, the Defendant shall have, in its sole and absolute discretion, the option to terminate this Agreement within ten (10) calendar days after the Opt-Out Deadline.

**16.03** <u>Revert to Status Quo</u>. If either Plaintiff or Defendant terminate this Agreement as provided herein, the Settlement Agreement shall be of no force and effect and the Parties' rights and defenses shall be restored, without prejudice, to their respective positions as if this Agreement had never been executed, and any orders entered by the

Court in connection with this Agreement shall be vacated. However, any payments made to the Claims Administrator for services rendered to the date of termination shall not be refunded to Defendant.

## XVII. NON-WAIVER OF DEBTS/OBLIGATIONS OWING BY CLASS MEMBERS

**17.01** The Parties understand and agree that this Settlement Agreement and any terms herein shall not affect in any regard any debt or obligation owed by any Plaintiff or Settlement Class Member to Defendant and/or their clients, principals and their related or affiliated entities.

## XVIII. MISCELLANEOUS

**18.01** Entire Agreement. The Settlement Agreement and the exhibits hereto constitute the entire agreement between the Parties. No representations, warranties or inducements have been made to any of the Parties, other than those representations, warranties, and covenants contained in the Settlement Agreement.

**18.02** Governing Law. The Settlement Agreement shall be governed by the laws of the State of Illinois.

**18.03** Jurisdiction. The Court shall retain continuing and exclusive jurisdiction over the Parties to the Settlement Agreement, including the Plaintiff and all Settlement Class Members, for purposes of the administration and enforcement of the Settlement Agreement.

**18.04** No Construction Against Drafter. This Settlement Agreement was drafted

jointly by the Parties and, in construing and interpreting the Settlement Agreement, no provision of the Settlement Agreement shall be construed or interpreted against any Party based upon the contention that the Settlement Agreement or a portion of it was purportedly drafted or prepared by that Party.

      **18.05**  <u>Resolution of Disputes</u>. The Parties shall cooperate in good faith in the administration of the Settlement Agreement. Any unresolved dispute regarding the administration of the Settlement Agreement shall be mediated and decided by the Honorable Wayne Anderson or another mutually agreeable mediator.

      **18.06**  <u>Counterparts</u>.  The Settlement Agreement may be signed in counterparts and the separate signature pages executed by the Parties and their counsel may be combined to create a document binding on all of the Parties and together shall constitute one and the same instrument.  Fax and PDF signatures shall be as valid and binding as an original signature on this Agreement.

      **18.07**  <u>Time Periods</u>.  The time periods and dates described herein are subject to Court approval and may be modified upon order of the Court or by written stipulation of the Parties.

      **18.08**  <u>Authority</u>.  Each person executing the Settlement Agreement on behalf of any of the Parties hereto represents that such person has the authority to so execute the Settlement Agreement.

      **18.09**  <u>No Oral Modifications</u>.  The Settlement Agreement may not be amended, modified, altered or otherwise changed in any manner, except by a writing signed by a duly authorized agent of Defendant and Plaintiff, and approved by the Court.

29

18.10   Notices.  Unless otherwise stated herein, any notice required or provided for under the Settlement Agreement shall be in writing and may be sent by electronic mail, fax or hand delivery, postage prepaid, as follows:

    If to Class Counsel:

        Mark Ankcorn, Esq.
        Ann Marie Hansen, Esq.
        Ankcorn Law Firm, PC
        11622 El Camino Real, Suite 100
        Del Mar, California 92130
        Telephone: (619) 870-0600
        mark@ankcornlaw.com
        annmarie@ankcornlaw.com

    If to counsel for Defendant:

        Abraham J. Colman, Esq.
        Reed Smith LLP
        355 S. Grand Ave, Suite 2900
        Los Angeles, CA 90071
        Telephone: (213) 457-8000
        acolman@reedsmith.com

    IN WITNESS WHEREOF, the Parties hereto have caused the Settlement Agreement to be executed, dated as of the last signature below.

DATED:  March ___, 2017            Plaintiff:
        3/2/2017                   Michelle Lee Tannlund

                                   DocuSigned by:
                                   Michelle Tannlund
                                   B9C33502AB2D4F7

DATED:  March 2l, 2017             Real Time Resolutions, Inc.

                                   By: _____

                                   Name:  Eric Green

                                   Title:  CEO

30

DATED: March 21, 2017

Real Time Group, Inc.

By: _____

Name: _____Eric Green_____

Title: _____CEO_____

APPROVED AS TO FORM AND CONTENT:

DATED: March 21, 2017

Reed Smith LLP

By _____
Abraham J. Colman
Henry Pietrkowski
Attorneys for Defendant

DATED: March 2, 2017

Ankcorn Law Firm, PC

By _____
Mark Ankcorn
Attorneys for Plaintiff

31