UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **Michelle Lee Tannlund**, on behalf of herself and all others similarly situated, | Case No. 1:14-cv-5149 |
| Plaintiffs, | |
| v. | |
| **Real Time Resolutions, Inc.**, | |
| Defendant. | |

## ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

On April 10, 2017 at 9 a.m., the Court heard Plaintiffs' Motion for an Order preliminarily approving their settlement, certifying a settlement class, appointing settlement class counsel, setting a hearing on the final approval of the settlement, and directing notice to the class (the "Motion"). Defendant does not oppose Plaintiff's request for an Order preliminarily approving the Parties' settlement. Upon considering the Motion, the parties' Amended Settlement Agreement and Release and all exhibits thereto (collectively, the "Settlement Agreement" or "Settlement"), the materials previously submitted in this case, the arguments of counsel, and other materials relevant to this matter, it is hereby **ORDERED** that:

1. The terms of the Settlement Agreement are sufficiently fair, reasonable, and adequate to allow dissemination of notice to the class ("Notice") according to the terms

of the Settlement Agreement (the "Notice Plan").[1] This determination is not a final finding that the Settlement Agreement is fair, reasonable, and adequate, but instead is a determination that there is reasonable cause to submit the proposed Settlement Agreement to Settlement Class Members and to hold a hearing concerning final approval of the proposed settlement, and ultimately approve the settlement.

2. The Parties have made a sufficient showing, under the provisions of Rule 23 of the Federal Rules of Civil Procedure, as applicable in the context of settlement classes, to establish reasonable cause, following Notice to members of the proposed Settlement Class, to hold a hearing to determine if a class should be certified for settlement purposes only, consisting of persons who meet the following criteria:

> All living persons within the United States (1) who received a phone call from Defendant during the Class Period to a number assigned to a cellular telephone service at the time the call was made, (2) where the number was uploaded to and dialed by Defendant's telephone system, and (3) who did not give his or her express consent prior to such call being placed. Excluded from the Settlement Class are Accounts for which Defendant made no further cell phone calls after (1) Defendant received a release or representation from the debtor that he or she had no claims or (2) the debtor filed for relief under Title 11 of the United States Code resulting in a bankruptcy discharge order. Also excluded from the Settlement Class are Defendant; its parent companies, affiliates or subsidiaries, or any employees thereof, and any entities in which any of such companies has a controlling interest; the judge or magistrate judge to whom the Action is assigned; and, any member of those judges' staffs and immediate families.

If, for any reason, the proposed Settlement is not approved, any order certifying a Settlement Class shall be vacated *nunc pro tunc* and the Action shall proceed as

---

[1] To the extent capitalized terms are not defined in this Order, they shall have the meaning set forth in the Settlement Agreement.

though the Settlement Class had never been certified, without prejudice to the Parties' rights to either request or oppose class certification for purposes of litigation.

3. In making the findings set forth in Paragraph 2, the Court has exercised its discretion in conditionally certifying the Settlement Class on a nationwide basis. Named Plaintiff Michelle Lee Tannlund is designated as the Class Representative.

4. The Court hereby appoints Mark Ankcorn and Ankcorn Law Firm PC as counsel for the Settlement Class ("Class Counsel"). For purposes of these settlement proceedings, the Court finds that Mark Ankcorn and Ankcorn Law Firm PC are competent and capable of exercising their responsibility as Class Counsel.

5. This Court has both subject matter jurisdiction and personal jurisdiction as to this action and all Parties before it.

6. The Settlement Agreement is for Settlement purposes only. Neither the fact of, any provision contained in, nor any action taken under the Settlement Agreement shall be construed as an admission of the validity of any claim or any factual allegation that was or could have been made by Plaintiff and/or Settlement Class Members in the Action, or of any wrongdoing, fault, violation of law, or liability of any kind on the part of Defendant or the Released Parties. The Settlement Agreement shall not be offered or be admissible in evidence by or against Defendant or the Released Parties or cited or referred to in any other action or proceeding, except one (1) brought by or against the Parties to enforce or otherwise implement the terms of the Settlement Agreement, (2) involving Plaintiff or any Settlement Class Member to support a defense of *res*

*judicata*, collateral estoppel, release, or other theory of claim preclusion, issue preclusion, or similar defense, or (3) involving an attempt to enforce a stay of other litigation pursuant to the terms set forth in the Settlement Agreement and the Court's Order preliminarily approving the Settlement Agreement.

7. The Notice Plan and the provisions for disseminating those materials substantially as described in and attached to the Settlement Agreement are hereby approved. The Notice Plan (a) provides the best practicable notice, (b) is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the action, the terms of the proposed settlement, and of their right to appear, object to, or exclude themselves from the proposed settlement, (c) are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice, and (d) fully comply with federal law, the United States Constitution, and any other applicable law.

8. The Claims Administrator ILYM Group, Inc. ("Claims Administrator") shall be responsible for providing notice of the proposed settlement to the Settlement Class Members in accordance with the provisions of the Settlement Agreement and the following schedule.

- Publication of the Class Notice will have occurred by the "Settlement Notice Date," which date is forty-five (45) days after issuance of the Preliminary Approval Order;

- All Objections must be submitted on or before the "Objection Deadline," which date is sixty (60) days from the Settlement Notice Date;

- All Opt-Out Requests must be submitted on or before the "Opt-Out Deadline," which date is sixty (60) days from the Settlement Notice Date;

- The Claims Administrator is to provide the Opt-Out list and copies of requests for exclusion to the Court and the Parties within ten (10) days of the Opt-Out Deadline;

- The Parties shall file responses to Objections no later than fourteen (14) days before the Final Approval Hearing;

- No later than twenty-one (21) days before the Objection Deadline, Class Counsel shall file a motion for attorney's fees and incentive award for the Class Representative;

- No later than fourteen (14) days before the Final Approval Hearing, Plaintiff shall file a Motion for Final Approval.

9. Any Settlement Class Member who wishes to make a Claim must submit a Claim Form, either via U.S. Mail or electronically. The Claim Form shall be available on the Settlement Website, which shall be administered by the Claims Administrator. The last day to submit a Claim Form ("Claims Deadline") shall be ninety (90) days after the Settlement Notice Date.

10. Anyone who wishes to be excluded from the Settlement Class must submit by sixty (60) days after the Settlement Notice Date an Opt-Out Request to the Claims Administrator. The request for exclusion can be sent either by first class U.S. Mail or submitted electronically. If sent by first class U.S. Mail, the Opt-Out Request must be postmarked on or before sixty (60) days from the Settlement Notice Date. If submitted

electronically, the Opt-Out Request must be submitted on or before sixty (60) days from the Settlement Notice Date.

11. Anyone who falls within the Settlement Class definition and does not submit an Opt-Out Request in complete accordance with the deadlines and other specifications set forth in this Order and the Settlement Agreement shall become a Settlement Class Member and shall be bound by all proceedings, orders, and judgments of this Court pertaining to the Settlement Class.

12. Any Settlement Class Member who wishes to object to the proposed Settlement must send or file an objection with this Court. Objections must contain his or her full name, address, and telephone number, as well as the reasons for his or her objection, and whether he or she intends to appear at the Final Approval Hearing on his or her own behalf or through counsel. Any documents supporting the Objection must also be attached to the Objection. The envelope containing the objection to the Settlement must be postmarked on or before sixty (60) days from the Settlement Notice Date. The Clerk shall place such objections on the Court's ECF system, including a copy of the envelope with the postmark visible. Only Settlement Class Members who have not opted out may object to the Settlement.

13. Any Settlement Class Member who does not submit an objection to the Settlement in complete accordance with this Order and the applicable provisions of the Settlement Agreement shall not be permitted to object to the settlement.

14. Any objecting Settlement Class Member may appear at the hearing on the fairness of the proposed settlement (the "Final Approval Hearing") held by the Court, in

person or by counsel, to show cause why the Settlement Agreement should not be approved as fair, reasonable and adequate, or to object to any petitions for attorney's fees and reimbursement of litigation costs and expenses; provided, however, that the objecting Settlement Class Member has timely filed an objection to the Settlement on or before the Objection Deadline. Any Settlement Class Member who has not filed an objection to the Settlement in complete accordance with the deadlines and other specifications set forth in the Settlement Agreement and in this Order will be barred from speaking or otherwise presenting any views at any Final Approval Hearing.

15. The Claims Administrator shall have the obligations enumerated in the Settlement Agreement.

16. On August 23, 2017 at 8:45 a.m., the Court will hold the Final Approval Hearing. The Final Approval Hearing may be continued or rescheduled by the Court with notice to Class Counsel and Defendant's Counsel and to any objecting Settlement Class Member who has filed a timely objection. Notice of any continuance of the Final Approval Hearing will also be provided via the Settlement Website. At the Final Approval Hearing, or as soon thereafter as practicable, the Court will determine whether the proposed settlement is fair, reasonable, and adequate and should be approved by the Court. At the Final Approval Hearing, the Court will also consider the amount of attorney fees and expenses that should be awarded to Class Counsel. If appropriate, the Court will issue a Final Order and Judgment memorializing its decision, in the form contemplated by the Settlement Agreement.

- 8 -

17. Class Counsel and Defendant's Counsel are authorized to establish other means necessary to effectuate the terms of the Settlement Agreement.

**IT IS SO ORDERED.**

Dated: April 10, 2017

_____
Hon. Amy J. St. Eve
United States District Judge